IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 3:08CR23-WHA |
| | ) | |
| PATRICK GUILFORD | ) | |

**ORDER**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on May 28, 2008. For the following facts and reasons, the court concludes that the defendant should be detained pending trial in this case.

The court finds there is probable cause to believe that the defendant has committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841(a)(1). The defendant has not rebutted the presumption established by this finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. As explained below there is a serious risk the defendant will not appear and will endanger the safety of another person or the community.

I find that the credible testimony and information including the Pretrial Services Report submitted at the hearing establishes by both a preponderance of evidence with respect to flight and clear and convincing evidence with respect to dangerousness that the defendant has two prior felony drug offenses. While on probation for those offenses he was revoked approximately 3 months after imposition of sentence. He has a misdemeanor drug possession offense in 2005. The offense for which he was indicted

occurred in January 2006. In 2007, he was convicted of theft from a furniture store at which he was working. This crimnal history is clear and convincing evidence that the defendant will not abide by conditions of release imposed on him, none of which in any event can prevent him from continuing to sell drugs. While the defendant has ties to this district and nearby Columbus, Georgia, the defendant faces a lengthy period of incarceration if convicted such that the court considers him a risk of flight. Thus, even if the evidence were sufficient to persuade the court that the defendant has rebutted the presumption of flight, the presumption remains a factor which the court considers in determining whether the defendant should be detained.

When the flight factor is considered with the evidence of the defendant's criminal history, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community and that the defendant should be detained. In reaching this conclusion and as reflected in the discussion above, the court has carefully considered as required by 18 U.S.C. § 3142(g) the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant as set forth in the Pretrial Services Report as well as the evidence adduced at the hearing and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility

separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

 Done this 29th day of January, 2005.

         /s/Charles S. Coody
        CHARLES S. COODY
        CHIEF UNITED STATES MAGISTRATE JUDGE

.